VITAGRAPH, INCORPORATED, *v.* WATSON.

Opinion delivered July 9, 1928.

*I. J. Friedman* and *Cochran & Arnett,* for appellant. *George A. Hall,* for appellee.

HUMPHREYS, J. Appellant brought suit against appellees in the circuit court of Logan County, Northern District, to recover $1,275 on account of an alleged failure and refusal to accept and exhibit in the Strand Theater at Paris, Arkansas, certain photoplays or copyrighted motion picture productions, which appellees

agreed in writing to rent and exhibit at certain prices fixed in the contract for each photoplay or motion picture production.

Appellees interposed the defense that it purchased the exclusive right or license to exhibit the photoplays or copyrighted motion picture productions from appellant, and that, after accepting, exhibiting and paying for some of them, appellant breached or violated the contract by leasing to N. K. McGuggin of Paris, Arkansas, owner of the Joie Theater, the right and authority to exhibit the same photoplays or copyrighted motion picture productions in the town of Paris, and by way of cross-complaint alleged that they were damaged in the sum of $1,000. The allegations of the cross-complaint were denied by appellant.

The cause was submitted on the pleadings, testimony introduced by the respective parties and instructions of the court, which resulted in a verdict in favor of appellees in the original suit and against them in the cross-complaint. A consequent judgment was rendered that appellants take nothing on their suit, from which an appeal has been duly prosecuted to this court.

Before submitting the issues of the alleged breach of the contract by the respective parties to the jury for determination, the court found and adjudged that the "direction to the salesmen" which appeared at the foot of the contract was a part of the contract, and construed it to mean a rental of the exclusive right by appellant to appellees to exhibit said photoplays or copyrighted motion picture productions. Appellant objected, and excepted to the ruling of the court in this respect, and contends for a reversal of the judgment on account of such ruling. The directions to the salesmen appearing at the foot of the contract are as follows:

"Directions to salesmen: While you have every right to trade among prospective customers to obtain the best offer possible for your products, after you have selected a particular exhibitor whose offer you believe

to be the best obtainable and have taken a written application from such exhibitor, forward the application to the office of your exchange, and make no further effort to sell the same service to any other exhibitor until the application has been duly rejected, accepted or withdrawn, in accordance with its terms.''

The contract was a printed contract prepared by appellant, and must be construed most strongly against it. We think it a part of the contract, and that the purport and effect thereof was to rent or lease the exclusive right to the particular exhibitor selected to exhibit the photoplay or copyrighted motion picture productions. Its only purpose in being printed at the foot of the contract was to convey the impression to prospective customers that the particular one selected to exhibit the picture should have the exclusive right to do so. If such was not its purpose, the directions to salesmen could have been given privately, either in person or by letter.

The issue of whether the contract was breached and by whom was submitted to the jury under correct instructions, and, as there was a conflict in the evidence on the issue, appellants are bound by the verdict of the jury.

No error appearing, the judgment is affirmed.